JANET M. HEROLD, Regional Solicitor
JOHN A. BLACK, Deputy Regional Solicitor
DAVID M. KAHN, Counsel for Employment Standards
California State Bar Number 230957
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7756
Facsimile: (415) 625-7772
Email: kahn.david.m@dol.gov

Attorneys for Plaintiff, THOMAS E. PEREZ, Secretary
United States Department of Labor

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> RODOLFO L. CARDONA and ELVIRA B. CARDONA, both individual Defendants jointly doing business as MONTE FARLEY MANOR GUEST HOME, MONTE FARLEY II, URSO'S MONTE FARLEY MANOR, and MONTE FARLEY IV, <br><br> Defendants. | Docket No.: 5:13-cv-04448 <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, et seq.) |

1.	Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants RODOLFO L. CARDONA and ELVIRA B. CARDONA, both individual Defendants jointly doing business as MONTE FARLEY MANOR GUEST HOME, MONTE FARLEY II, URSO'S MONTE FARLEY MANOR, and MONTE FARLEY IV (the "Defendants") from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (hereinafter called "FLSA" or the "Act"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover unpaid overtime and minimum wage compensation owed under the Act to present and former employees of Defendants, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount of liquidated damages, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).

2.	This Court has subject matter jurisdiction pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

3.	Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims at issue occurred in or around Santa Clara County, California.

4.	(a)	Defendant RODOLFO L. CARDONA, an individual d/b/a MONTE FARLEY MANOR GUEST HOME, MONTE FARLEY II, URSO'S MONTE FARLEY MANOR, and MONTE FARLEY IV, at all times hereinafter mentioned had a place of business at 586 Burgoyne Street, Mountain View, California 94043, within the jurisdiction of this Court, and is, and at all times

hereinafter mentioned was, engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

   (b) Defendant ELVIRA B. CARDONA, an individual d/b/a MONTE FARLEY MANOR GUEST HOME, MONTE FARLEY II, URSO'S MONTE FARLEY MANOR, and MONTE FARLEY IV, at all times hereinafter mentioned had a place of business at 586 Burgoyne Street, Mountain View, California 94043, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned was, engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

 5. Defendants operated businesses that are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and are and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

 6. Defendants operated businesses that are, and at all times hereinafter mentioned were, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), in that said enterprise at all times hereinafter mentioned had employees engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions.

 7. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees who in workweeks

were engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions within the meaning of the Act, as aforesaid, at hourly wage rates less than the federal minimum wage from at least the period from November 8, 2009, through November 7, 2011.

8. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act,  29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed from at least the period from November 8, 2009, through November 7, 2011.

9. Defendants, employers subject to the provisions of the Act, have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday with respect to several employees.

10. (a) During the period from November 8, 2009, through November 7, 2011, and thereafter, Defendants have willfully violated the aforesaid provisions of the Act.

(b) As a result of the aforesaid violations of the Act, there is unpaid minimum wage compensation being withheld by Defendants.

(c) As a result of the aforesaid violations of the Act, there is unpaid overtime compensation being withheld by Defendants.

(d) Judgment permanently enjoining and restraining such violations of the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(e) Judgment enjoining and restraining any continued withholding of unpaid overtime compensation due under the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(f) Judgment awarding unpaid back wages due under the Act, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the Act, is specifically authorized by Section 16(c) of the Act, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 215(a)(2), 215(a)(5); and

(b) For an Order

(i) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid minimum wage and overtime compensation found due to Defendants' employees,

including those listed in the attached Exhibit A  (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the Subject Period covered by this Complaint), or in the event liquidated damages are not awarded;

        (ii)   pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, its officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate;

    (c)   For an Order awarding Plaintiff the costs of this action; and

    (d)   For an Order granting such other and further relief as may be necessary or appropriate.

Dated:  September 25, 2013

        M. PATRICIA SMITH
        Solicitor of Labor

        JANET M. HEROLD
        Regional Solicitor

        By:

        _/s/ David M. Kahn_____
        DAVID M. KAHN
        Counsel for Employment Standards

        Attorneys for Plaintiff
        Secretary of Labor,
        U.S. Department of Labor

EXHIBIT A

Cecilia Abaieras

Armando Burgos

Christeta Buan

Leonido Buan

Hermenio Caoi

Leticia Caoi

Cynthia Corpuz

Evangeline Erquiza

Marilyn Estrada

Nelly Pula

Laura Tugade

Gerardo Ubay